IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARIAN SCHOBERT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-cv-1324-RJD |
| COLONNADE SENIOR DEVELOPMENT, LLC, | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Remand filed by Plaintiff Marian Schobert (Doc. 9). Defendant filed a timely response (Doc. 17). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff initiated this personal injury action in state court against Defendant Colonnade Senior Development, LLC on October 2, 2019. Plaintiff alleges Defendant was negligent and failed to prevent a fall that caused her injury. Defendant removed this matter asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. In its notice of removal, Defendant indicated it is a Missouri limited liability company consisting of one member, Jonathan Levey, who is a citizen of California. In her complaint, Plaintiff alleged she is a citizen of the State of Illinois.

In the motion to remand now before the Court, Plaintiff asserts that both Plaintiff and Defendant are citizens of Illinois. Plaintiff cites 28 U.S.C. §1332, which provides that a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated." Plaintiff asserts that Defendant is a citizen of the State of Illinois because it is

registered as a foreign corporation to transact business in the State of Illinois.

## Discussion

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity means no plaintiff may be from the same state as any defendant. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Conversely, a limited liability company's citizenship "for purposes of … diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Here, Defendant has indicated, and the Court finds, that it is a limited liability company (*see* Doc. 9-1). Accordingly, Defendant's citizenship is based on the citizenship of its members. Defendant has only one member, Jonathan Levey, who attests that he is a citizen of the State of California. Plaintiff and Defendant, therefore, are not citizens of the same state and Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 29, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**